IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2657-FDS |
| This Document Relates To: | |
| TONY CLARKSMITH and KYADA S. CLARKSMITH, individually and on behalf of their minor child, T.S.C., | SHORT FORM COMPLAINT AND JURY DEMAND GENERIC ONDANSETRON USE |
| PLAINTIFFS, | |
| v. | |
| GLAXOSMITHKLINE LLC, | |
| DEFENDANT. | |

**SHORT FORM COMPLAINT AND JURY DEMAND**
**GENERIC ONDANSETRON USE**

Plaintiffs incorporate by reference Plaintiffs' Generic Long Form Master Complaint and Jury Demand filed in *In Re Zofran® Products Liability Litigation* in the United States District Court for the District of Massachusetts, filed as No. 256 on the Master Docket. Pursuant to Case Management Order No. 14, the following Generic Short Form Complaint encompasses Plaintiffs' claims as adopted from the Generic Master Long Form Complaint in the above-captioned action.

Plaintiffs select and indicate by checking boxes where requested, parties and claims specific to this case. As necessary, Plaintiffs include: (a) additional claims against the Defendants(s) listed in paragraph 1, which are set forth in paragraph 12, and the supporting facts for which are alleged in paragraph 13 or on an additional sheet attached to this Complaint, and/or (b) claims pleaded against additional defendants not listed in the Generic Long Form Master

1

Complaint, which are set forth in paragraph 14 and the supporting facts for which are alleged in paragraph 14 or on an additional sheet attached to this Complaint.

Plaintiffs, by and through counsel, allege as follows:

## I. DEFENDANTS

1. Plaintiffs name the following Defendants in this action [check only those that apply]:

☒ **GLAXOSMITHKLINE LLC**

☐ **NOVARTIS PHARMACEUTICALS CORPORATION (FOR CLAIMS ARISING FROM ONDANSETRON INGESTION ON OR AFTER MARCH 23, 2015)**

## II. PLAINTIFFS

2. Plaintiffs are bringing these claims:

☒ Individually and on behalf of the minor child; or

☐ On behalf of the minor child only

due to injuries caused by prenatal exposure to brand <u>ondansetron and/or ondansetron hydrochloride</u> (hereinafter, "ondansetron"), as described in greater detail below:

3. Plaintiff Kyada S. Clarksmith is the [check all that apply]:

☒ biological mother

☐ biological father

☒ legal guardian

☐ personal representative of the Estate

of minor child T.S.C. (initials only) and is an individual who is domiciled at 6758 Winterberry Ridge Drive, Stone Mountain, Georgia.

4. Plaintiff Tony Clarksmith is the [check all that apply]:

☐ biological mother

☒ biological father

☒ legal guardian

☐ personal representative of the Estate

of minor child T.S.C. (initials only) and is an individual who is domiciled at 6758 Winterberry Ridge Drive, Stone Mountain, Georgia.

5. Minor child T.S.C. (initials only) was born in 2015 (year only) in Georgia (state of birth).

### III. ONDANSETRON INGESTION

6. Mother of minor child ingested <u>ondansetron</u> during pregnancy with minor child during the following trimester(s) [check all that apply]:

☒ **1ST TRIMESTER**

☒ **2ND TRIMESTER**

☐ **3RD TRIMESTER**

### IV. PRODUCT IDENTIFICATION

7. Plaintiffs allege use of the following form(s) of administration of <u>ondansetron</u> [check all that apply]:

☒ **ORAL TABLETS**

☒ **ORALLY DISINTEGRATING TABLET**

☐ **INJECTABLE OR I.V. SOLUTION**

☐ **ORAL SOLUTION**

☐ _____

8. Plaintiffs allege that <u>ondansetron</u> was ingested in the following state(s): Georgia.

9. [Complete only for Complaints directly filed in the MDL Court.] Identify the U.S. federal district court and, if applicable, the division in which Plaintiff would have filed in the absence of an MDL: United States District Court for the Northern District of Georgia.

## V. PHYSICAL INJURY

10. Minor child alleges the following injuries as a result of prenatal exposure to <u>ondansetron</u> [specify all that apply]: Defects including but not limited to the following: circulatory and heart defects, craniofacial defects, kidney defects, bladder defects, digestive and gastrointestinal defects, respiratory defects, nervous system defects, reproductive system defects, limb defects, prematurity and other defects related to being born at 25 weeks gestation, and pain and suffering.

11. Plaintiffs allege the following injuries to themselves as a result of minor child's prenatal exposure to <u>ondansetron</u> [specify all that apply]: Emotional distress, medical expenses and other economic and noneconomic damages including but not limited to depression, severe anxiety, monochorionic-diamniotic twins, premature birth, a retained placenta requiring D&C and blood transfusion, decreased milk supply after taking ondansetron following childbirth, and loss of consortium.

## VI. CLAIMS/COUNTS

12. The following claims asserted in the Generic Master Long Form Complaint, and the allegations with regard thereto in the Generic Master Long Form Complaint, are adopted in this Generic Short Form Complaint by reference:

| Check if Applicable | Count Number | Claims |
|---|---|---|
| ☒ | I | Negligence |
| ☒ | II | Negligent Misrepresentation |

4

| Check if Applicable | Count Number | Claims |
|---|---|---|
| ☒ | III | Negligent Undertaking |
| ☒ | IV | Negligence Per Se |
| ☒ | V | Fraudulent Misrepresentation and Concealment |
| ☐ | VI | Violations of Consumer Protection Laws [Specify the laws allegedly violated:] |
| ☐ | VII | Wrongful Death |
| ☐ | VIII | Survival Action |
| ☒ | IX | Loss of Consortium |
| ☒ | X | Punitive Damages |
| ☒ | XI | Other(s): Failure to Warn (Count XI), Strict Products Liability (Count XII) |

13. If additional claims against the Defendants identified in the Generic Master Long Form Complaint are alleged in paragraph 12, the facts supporting these allegations must be pleaded. Plaintiffs assert the following factual allegations against the Defendants identified in the Generic Master Long Form Complaint:

<u>Count XI: Failure to Warn</u>

At all relevant times, GlaxoSmithKline ("GSK") knew or, in the exercise of reasonable diligence, should have known that ondansetron was associated with and/or could cause birth defects. At all relevant times, GSK had a duty to warn Plaintiffs, individually and/or through their prescribing physicians, of the risks of birth defects associated with the use of ondansetron. GSK failed to warn Plaintiffs, individually and/or through prescribing physicians, that ondansetron was associated with and/or could cause birth defects, and GSK has concealed and continues to conceal that ondansetron is associated with and/or can cause birth defects.

Ondansetron was and is defective and unreasonably dangerous due to inadequate warnings and instructions. GSK failed to provide post-market warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk of a child developing birth-defects from his/her mother ingesting ondansetron while pregnant. The risk of developing birth defects is not an open and obvious risk or a risk that is a matter of common knowledge with regard to ondansetron. GSK is liable to Plaintiffs for their injuries and damages resulting from GSK's failure to warn. As a foreseeable, direct and proximate result of GSK's conduct, Plaintiffs were injured as described elsewhere herein.

Count XII: Strict Products Liability

GSK is strictly liable for the injuries to Plaintiffs and their minor child, T.S.C., because GSK designed and/or manufactured the product, ondansetron, ingested by Plaintiff Kyada S. Clarksmith and allowed it to leave its control when the product was defective and/or unreasonably dangerous, to wit, the product, as designed and manufactured, directly and proximately caused serious birth defects to T.S.C. and caused Plaintiffs to suffer the injuries and damages described elsewhere herein.

14.    Plaintiffs assert the following additional claims and factual allegations against other Defendants (must name defendant and its alleged citizenship): No additional claims alleged against other Defendants.

**WHEREAS**, Plaintiffs pray for relief as set forth in the Plaintiffs' Generic Master Long Form Complaint in *In Re Zofran® Products Liability Litigation* in the United States District Court for the District of Massachusetts.

Dated: February 3, 2017

/s/  William Q. Bird
William Q. Bird
Georgia Bar No. 057900
Paul I. Hotchkiss
Georgia Bar No. 368424

BIRD LAW GROUP, P.C.
2170 Defoor Hills Road
Atlanta, Georgia  30318
Telephone: (404) 873-4696
Facsimile: (404) 872-3745
wqb@birdlawgroup.com
pih@birdlawgroup.com

/s/  Robert K. Finnell
Robert K. Finnell
Georgia Bar No. 261575

THE FINNELL FIRM
Post Office Box 63
Rome, Georgia  30162-0063
(706) 235-7272
bob@finnellfirm.com

*Attorneys for Plaintiffs*